J-A23043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE J. BEDNAR | : | |
| | : | |
| Appellant | : | No. 741 EDA 2016 |

Appeal from the Judgment of Sentence November 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004130-2014

BEFORE:   PANELLA, DUBOW, and FITZGERALD,[*]JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED DECEMBER 18, 2017**

Appellant, George J. Bednar, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after he pleaded guilty to sexual abuse of children (possessing child pornography)[1] and criminal use of a communication facility.[2]  Appellant challenges the sufficiency and weight of the evidence that he is a sexually violent predator ("SVP").  While this appeal was pending, this Court decided **Commonwealth v. Butler**, ---

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(d).  Although the trial court intimated that Appellant was convicted of sexual abuse of children under section 6312(b) (photographing, videotaping, depicting on computer or filming sexual acts), the record confirms that Appellant pleaded guilty to possession of child pornography under section 6312(d).

[2] 18 Pa.C.S. § 7512.

A.3d ---, 2017 WL 4914155 (Pa. Super., Oct. 31, 2017), which held unconstitutional the provision for designating defendants as SVPs. In light of **Butler**, we vacate the judgment of sentence in part, reverse the order designating Appellant as an SVP, and remand for further proceedings.

Appellant committed the above-stated offenses in November 2012 and was arrested on March 3, 2014.[3] On July 29, 2014, Appellant pleaded guilty to the aforementioned charges.[4] The trial court deferred sentencing pending a Sexual Offenders Assessment Board ("SOAB") assessment. Barbara Ziv, M.D. conducted the SOAB assessment, and Appellant retained an expert, Timothy P. Foley, Ph.D. On November 9, 2015, the trial court convened an SVP and sentencing hearing during which both Drs. Ziv and Foley offered opinions regarding Appellant's status as an SVP. The trial court determined that Appellant was an SVP and sentenced him to an aggregate probationary term of ten years, which fell below the mitigated range of the Sentencing Guidelines.

The Commonwealth filed a post-sentence motion seeking reconsideration of the sentence, which the trial court denied by operation of law on March 7, 2016. Appellant, who did not file a post-sentence motion,

---

[3] Appellant was sixty-nine years old at the time of the offense and seventy-one years old at the time of his arrest. The police initially received information that Appellant downloaded child pornography in November 2012. The police executed a search warrant, analyzed Appellant's computer and found child pornography.

[4] The Commonwealth withdrew a charge of possessing an instrument of crime and agreed to a non-mandatory minimum sentence.

- 2 -

timely appealed on March 8, 2016 and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant presents two questions for review, which we have reordered as follows:

> Was not the evidence insufficient as a matter of law to sustain the finding that [A]ppellant met the statutory definition of [an SVP], where the expert opinion offered by the Commonwealth rested its conclusion on the mistaken belief that the current offense of [an SVP] must be "predatory", and where the expert rested her conclusion that this definition was met on the unsupportable assertion that the act of merely possessing and viewing child pornography fell within the statutory definition of "predatory"?
>
> Did not the [trial] court abuse its discretion in designating [Appellant as an SVP] where the weight of the evidence is against finding that he suffered from a personality disorder, that he was likely to engage in future misconduct, or that his actions were predatory?

Appellant's Brief at 5.

Before addressing these issues, however, we consider our recent decision in **Butler**. There, the defendant pleaded guilty to statutory sexual assault and corruption of minors, and his conviction for corruption of minors would have carried a fifteen-year registration period. **Butler**, 2017 WL 4914155, at *1, *3. However, the court determined that the defendant was an SVP, which increased his "registration exposure" from fifteen years to life. **Id.** at *3. The defendant appealed and asserted that (1) the evidence was insufficient to sustain his designation as an SVP, and (2) the SVP designation

violated his constitutional right to protect his reputation under Article I, Section 1 of the Pennsylvania Constitution. **Id.** at *2.

Instead of reaching the defendant's issues, the **Butler** court concluded *sua sponte* that the defendant's designation as an SVP constituted an illegal sentence. **Id.** at *2 (noting that this Court may raise questions regarding the legality of sentence *sua sponte*), *5. The Court reasoned that under the Pennsylvania Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), the registration requirements of the Sexual Offender Registration and Notification Act[5] ("SORNA") must be deemed a criminal punishment. **Id.** at *4. The defendant's conviction alone required the imposition of a fifteen-year registration period, but the finding that he was an SVP—*i.e.* that he "suffered from mental abnormality or personality disorder that ma[d]e [him] likely to engage in predatory sexually violent offenses"— subjected him to a lifetime registration requirement. **Id.** at *3-*5 (quoting 42 Pa.C.S. § 9799.12). Section 9799.24(e)(3), however, permitted the trial judge to find the defendant to be an SVP by a clear and convincing standard. **Id.** at *3 (discussing 42 Pa.C.S. § 9799.24(e)(3)). Therefore, under **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which require that facts increasing the range of punishment be found by a jury beyond a reasonable doubt, the trial court's

---

[5] 42 Pa.C.S. §§ 9799.10-9799.41.

SVP determination unconstitutionally increased the range of punishment that could be imposed on the defendant. ***Id.*** at *4-*5.

The ***Butler*** Court concluded:

> As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to section 9799.24. As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism. ***Cf. Commonwealth v. Hopkins***, . . . 117 A.3d 247, 258-262 ([Pa.] 2015) (finding that trial courts cannot impose mandatory minimum sentences until the General Assembly enacts a statute which provides a constitutional mechanism to determine if the defendant is subject to the mandatory minimum sentence) . . . .
>
> Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

***Id.*** at *5-*6 (citing 42 Pa.C.S. § 9799.23).

In accordance with ***Butler***, we conclude that Appellant's designation as an SVP constitutes an illegal sentence, and we reverse that order. We note that while Appellant's conviction for sexual abuse of children constitutes a Tier I offense, ***see*** 42 Pa.C.S. § 9799.14(b)(9), it appears that Appellant was previously convicted of committing sexual offenses in 1986.[6] ***See*** 42 Pa.C.S. § 9799.14(d)(16) (stating that "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses" constitute a Tier III offense). Therefore, we remand for the trial court to determine the appropriate tier under 42

---

[6] Appellant's prior record is not in the certified record.

Pa.C.S. § 9799.14, and to provide Appellant with the notice of his registration obligations under 42 Pa.C.S. § 9799.23.[7]

Judgment of sentence affirmed in part and vacated in part. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017

---

[7] Given our disposition, we need not consider Appellant's challenges to the sufficiency and weight of the evidence presented at the SVP hearing.